UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALEB Z. POOLE,

    Plaintiff,

v.                        Case No. 3:22-cv-259-BJD-LLL

MICHAEL TUCKER,

    Defendant.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff Caleb Poole, a pretrial detainee housed at Montgomery Correctional Center in Jacksonville, Florida, initiated this case by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Plaintiff names one Defendant – Michael Tucker, "MHRC Director." Id. at 1. Plaintiff alleges that between May 2020 and December 2020, he was "deprived of healthy living conditions" and subject to "roach[es,] feces[,] and black mold." Id. at 3-4. Plaintiff asserts he suffers from respiratory problems and seeks monetary damages. Id. at 4.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §

1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should be ordered only when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, in § 1983 suits, the

Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). Without well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against Defendant.

Further, a civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Plaintiff has not alleged sufficient facts to establish his entitlement to relief. He does not claim Defendant violated a particular constitutional right, and his claims are conclusory and devoid of facts that would allow the Court to draw reasonable inferences that Defendant violated his constitutional rights. In answering the form question, "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," Plaintiff wrote, "health code violations," which stem from state law. Complaint at 2. Further, Plaintiff has failed to identify with any specificity the alleged misconduct of Defendant. Instead, Plaintiff generally alleges only legal conclusions and provides no factual allegations to support a claim upon which relief can be granted. Thus, the Complaint is due to be dismissed without prejudice. See Iqbal, 556 U.S. at 678; L.S.T., Inc., 49 F.3d at 684; Rehberger, 577 F. App'x at 938.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

c:   Caleb Z. Poole, #2021010497